### JAMES CLARK *v.* THE STATE.

THEFT — FACT CASE. — Note in the opinion a state of proof held to be too inconclusive to exclude a reasonable doubt of a felonious intent in a case of theft.

APPEAL from the District Court of Wood.   Tried below before the Hon. J. C. ROBERTSON.

The evidence is recapitulated in the opinion of the court.

*L. Z. Wright*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.   Four parties were jointly indicted in this case, for theft of a hog.   On motion of Martin Clark, one of the co-defendants, a severance was granted, and appellant and the two other defendants were jointly tried and convicted.   A new trial was granted the other defendants, and refused as to appellant.   When the case was called for trial as to Martin Clark, the remaining defendant, it was continued on his application for a witness by whom he expected to prove the ownership of the animal to be in himself.

The statement of facts shows the case against appellant to be in effect and substantially as follows, viz. :  That appellant was met on horseback in Lake Fork bottom by the witness Johnson.   He had a hog, the head and shoulders of which were in a sack on his horse before him.   He told Johnson that he, Allen, and Dock were helping Martin Clark to kill hogs, and the one he had was Martin's.   Johnson asked in what mark the hog was, and defendant described the mark, but witness found the mark to be different to the description when defendant at his request exhibited it to him ;  which, he says, defendant did without hesitancy.  About this time, Allen and Dock came up, and Allen said he had shot the hog for Mart's hog, — "that he knew it was Mart's ;  that he knew the hog when he shot it, without looking at the mark ;  that he had helped to mark it, and that it was in the Born Good (old) mark."   The hog was in Isom Hay's (the alleged owner's) mark.   Johnson, the witness, further says :  " I do not know that the hog was Isom Hay's.   They told me they were killing hogs for Martin Clark.   They did not try to conceal the hog, and showed me the mark willingly.   They did not claim it as their own."  On the following day, appellant went with another witness named Johnson, and Isom Hay, the alleged owner, to Martin Clark's, where the hog was cut up and in the smoke-house, and there inspected the head, and identified the mark as

Hay's. Johnson, the witness, says: "Jim [appellant] did not try to conceal any thing from me, but told me frankly, as best he could, all about it; did not claim any interest in the hog, but said it was killed as Martin's hog." Isom Hay, the alleged owner, after describing his hog, and stating that the hog's head which he saw at Martin Clark's was in his mark, and that he knew of no other mark in that range like his, said that, some months before, he had described the hog to defendants, and authorized them to kill it and send him one-half of it; that he had never countermanded this order, or said any thing to them about the hog but once, when they said they had not seen it. He says: "I do not know that the head of the hog I saw at Martin Clark's at the time referred to was the head of my hog, but was in my mark."

This was all the evidence, in substance. We are not satisfied that it sufficiently establishes the criminal intent, but think it is deficient in that it does not tend to show beyond a reasonable doubt that this appellant's connection with the hog was fraudulent, so as to make it theft under the law. So believing, we think the court erred in not granting a new trial on that ground. The judgment is reversed and the cause remanded.

*Reversed and remanded.*